UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-673-H

JEROME WALLS                                                                                           PLAINTIFF

v.

JPMORGAN CHASE BANK, N.A.,
in its own capacity and as successor by
merger to Chase Home Finance, LLC
and Bank One, N.A.,                                                                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Jerome Walls ("Walls") brought this putative class action against JPMorgan Chase Bank, N.A. ("Chase" or "Defendant"), alleging a violation of the Truth in Lending Act, 15 U.S.C. § 1601 (2011), and a pendent state claim for breach of contract. *See* 28 U.S.C. § 1367 (2011). Walls grounds both claims in Chase's requiring him to purchase more flood insurance on property securing a home equity line of credit ("HELOC") than Chase and its predecessor-in-interest, Bank One, N.A. ("Bank One"), had required the previous ten years. Now before the Court is Defendant's motion to dismiss the Complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Defendant has moved for oral argument on its motion, but the Court can resolve the motion without the assistance of further argument.

I.

For the purposes of Defendant's motion to dismiss, the Court accepts the facts pleaded in the Complaint, summarized below, as true and draws any inferences from those facts in favor of Plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). The Court also considers with the

Complaint "any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.*

Jerome and Belita Walls received a HELOC in April 2000 from Bank One with an available limit of $47,083. Bank One received a security interest in Plaintiff's property, located in a special flood hazard area of Bullitt County as determined by the Federal Emergency Management Agency. Because of the property's location, the National Flood Insurance Act, 42 U.S.C. § 4001 *et seq.*, required Plaintiff to purchase flood insurance as a condition of receiving the HELOC. Plaintiff had to maintain insurance covering the lesser of the outstanding principal balance on the HELOC and any prior liens on the property or the maximum amount of coverage allowed for the type of property under the National Flood Insurance Program ("NFIP"). If Plaintiff failed to maintain such coverage, federal law authorized and required his lender to purchase the insurance for him at his expense ("force-placed insurance"). *See* 42 U.S.C. § 4012a(e).

Bank One provided Walls several documents concerning the flood insurance requirement as part of the HELOC transaction. The "Agreement to Provide Insurance" provides:

> "Collateral for this loan is or will be located in an area designated by the Director of the Federal Emergency Management Agency as a special flood hazard area. We will obtain and maintain Federal Flood Insurance for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required, and will maintain such insurance for the term of the loan." Chase acquired Walls' HELOC in 2004 and is the current lender.

A separate document entitled "Flood Insurance" concludes with this language:

> "In addition, by signing below, you are agreeing to obtain Federal Flood Insurance for the full unpaid principal balance of the loan and any prior liens on

2

>the property securing the loan, up to the maximum policy limits set under the
>National Flood Insurance Program, or as otherwise required by Lender, and to
>maintain such insurance for the term of the loan."

Finally, the mortgage document likewise provides:

>"Grantor agrees to obtain and maintain Federal Flood Insurance for the full
>unpaid principal balance of the loan, up to the maximum policy limits set under
>the National Flood Insurance Program, or as otherwise required by Lender, and to
>maintain such Insurance for the term of the loan."

These documents also disclosed that the lender could acquire force-placed flood insurance if Walls failed to maintain required coverage.

Walls maintained flood insurance on the property since originating the HELOC and neither Bank One nor Chase, who acquired Plaintiff's HELOC in 2004, indicated the amount of coverage was inadequate for nearly eleven years. On March 23, 2011, Chase sent Walls a "Notice of Insufficient Flood Insurance Coverage," demanding that he increase his flood coverage by $187,000 within forty-five days. The notice stated that the minimum coverage needed must be equal to the lesser of the maximum available coverage through the NFIP, or the full replacement cost value of the dwelling and insurable improvements. It also advised that failure to increase coverage would give Chase no choice but to acquire force-placed insurance that would likely cost more than what Walls would pay on his own for the increased coverage. Chase also noted that its licensed affiliate would receive a commission on the purchase of force-placed insurance.

Chase sent a second notice of insufficient coverage on April 13, 2011. Because Walls had not yet provided proof of increased flood insurance, Chase purchased an insurance binder to cover the property until the forty-five day period from the first notice expired. Chase's letter reiterated that if Walls failed to increase his flood insurance, Chase would purchase a policy at

3

his expense and his mortgage payments would increase.  Walls complied with Chase's demand to avoid these charges.  The additional coverage costs Walls $500 annually.

II.

A complaint must plead "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility arises when a complaint's factual content allows a reasonable inference of defendant's liability.  *Aschcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  Although the Court must accept as true all well-pleaded facts from a complaint, it need not accept as true legal conclusions or unwarranted factual inferences. *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

A.

Chase seeks dismissal of Plaintiff's claim that Chase violated the Truth in Lending Act ("TILA") by adversely changing the terms of the HELOC without consent and failing to clearly and fully disclose all charges that may be imposed in connection with the HELOC.  The claim fails, Chase argues, because TILA "applies only to credit transactions that are secured by property used or expected to be used as the principal dwelling of the borrower" and Plaintiff has not pleaded that the property securing the HELOC is his principal dwelling.  Def.'s Mem. in Supp. of Mot. to Dismiss, 7-8 (citing 15 U.S.C. § 1603(3); 12 C.F.R. § 226.3(b)).  The Court disagrees.

Section 1603(3) does not establish a general rule that TILA only governs credit transactions secured by the borrower's principal dwelling.  Instead, § 1603 provides enumerated exemptions from TILA, one of which is a credit transaction in which the total amount financed

exceeds $50,000.[1] That exemption does not apply if the "security interest is or will be acquired in real property, or in personal property used or expected to be used as the principal dwelling of the consumer." 15 U.S.C. § 1603(3) (2011).

Defendant's argument fails for at least two reasons. First, this exemption from TILA only applies to credit transactions exceeding $50,000. Second, and more importantly, although Chase suggests the "principal dwelling" condition applies to both personal and real property, this interpretation fails as a matter of a plain reading of the statute. Moreover, the implementing regulation, cited by Defendant, clarifies that the exemption does not apply to credit transactions "[s]ecured by *any* real property." 12 C.F.R. § 226.3(b)(1)(i)(A) (emphasis added).[2] Furthermore, TILA's limiting a specific (and significant) statutory remedy – the right of rescission – to transactions in which the security interest is "in any property which is used as the principal dwelling" of the borrower contemplates that the other rights and remedies TILA provides may be available for certain transactions not involving principal dwellings. *See* 15 U.S.C. § 1635.

However, TILA does exempt credit transactions that are primarily for business or commercial purposes. 15 U.S.C. § 1603(1). District courts have dismissed TILA claims where the relevant credit transaction had an obvious business or commercial purpose. *See Mauro v.*

---

[1] The Dodd-Frank Wall Street Reform and Consumer Protection Act increased this amount from $25,000 to $50,000 and indexed it to inflation. Pub. L. No. 111-203, § 1100E, 124 Stat. 1376, 2111 (2010). Plaintiff's HELOC was below $50,000, the threshold triggering this exemption at the time of the alleged TILA violation, but was above the $25,000 threshold as it existed when he obtained the HELOC. The parties did not brief, and the Court need not decide, the appropriate point at which to evaluate whether a credit transaction is exempt from TILA. The case is resolved on other grounds.

[2] The principal dwelling requirement essentially distinguishes credit transactions secured by personal property like mobile homes, from transactions secured by other types of high-value personal property, such as recreational boats. Section 1603(3) subjects the former to TILA's requirements and exempts the latter.

*Countrywide Home Loans, Inc.*, 727 F. Supp. 2d 145, 154-55 (E.D.N.Y. 2010) (collecting cases finding loans to invest in non-owner occupied rental properties are for business purposes and outside of TILA's purview). Where such a business or commercial purpose is apparent on the face of the complaint, sustaining a motion to dismiss is appropriate. *See, e.g.*, *Laporte v. Wells Fargo Bank, N.A.*, No. 3:08-CV-376, 2009 WL 2146324, at *2 (E.D. Tenn. July 14, 2009) (dismissing TILA claim where complaint alleged the mortgage loans at issue were for investment properties); *Bell v. Suntrust Mortg., Inc.*, No. 3:08-CV-391, 2009 WL 2913690, at *2 (E.D. Tenn. Sept. 2, 2009) (dismissing TILA claim where "plaintiff expressly allege[d] that the property was for commercial rental purposes").

Nothing on the face of Walls's Complaint suggests that he obtained the HELOC for primarily business or commercial purposes. To be sure, Walls has not affirmatively pleaded that the HELOC was a personal, non-business loan. But Chase has cited no authority for its proposition that, to state a TILA claim, a plaintiff must plead that a § 1603 exemption does not apply. Furthermore, the documents Walls received and signed upon origination of the HELOC, referenced in the Complaint, indicate the primary, specific purpose of the loan is personal and that Walls occupies the property securing the HELOC as his principal residence. Thus, unlike the plaintiffs in *Bell* and *Laporte*, Walls has not pleaded that his loan was for a business or commercial purpose.[3] The Court will deny Chase's motion to dismiss the TILA claim.

B.

---

[3] The *Bell* and *Laporte* complaints also indicated that the properties securing their credit transactions were not their principal residences, which was relevant to the dismissal of their TILA claims because they both sought rescission of their mortgages. *See Bell*, 2009 WL 2913690, at *1-2; *Laporte*, 2009 WL 2146324, at *3, n.7.

Chase also seeks dismissal of Plaintiff's claim for breach of contract. The bank argues that the Mortgage Agreement unambiguously commits Plaintiff to purchase flood insurance "as otherwise required by Lender." Essentially, Defendant claims that the Mortgage gave it the contractual right to change the flood insurance requirement however it saw fit. Because the Mortgage afforded the lender unfettered discretion, Chase contends, Plaintiff cannot state a breach-of-contract claim based on the exercise of that discretion.

Although Defendant's interpretation of the contract may ultimately prevail, dismissal at this point is unwarranted. As Plaintiff notes in the Complaint, the Mortgage Agreement did not explicitly provide that the lender's flood insurance requirement could change at will. Furthermore, every Kentucky contract contains an implied covenant of good faith and fair dealing, *Ranier v. Mount Sterling Nat'l Bank*, 812 S.W.2d 154, 156 (Ky. 1991), which can impose limits on discretion afforded by a contract. *See RAM Engineering & Const., Inc. v. Univ. of Louisville*, 127 S.W.3d 579, 585 (Ky. 2003). Thus, reading the Complaint in a light most favorable to Plaintiff, the Court concludes that Plaintiff has stated a claim for breach of contract.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is DENIED. Defendant's motion to schedule oral argument is DENIED as moot.

cc: Counsel of Record